UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDUARDO Y. ANGUIZOLA and LAYLA G. ANGUIZOLA,<br><br>　　　　Plaintiffs / Counter-Defendants,[1]<br><br>v.<br><br>NEW YORK LIFE INSURANCE COMPANY,<br><br>　　　　Defendant / Counter-Claimant. | Case No.:  3:24-cv-00345-JO-AHG<br><br>**ORDER GRANTING JOINT MOTION TO CONTINUE EARLY NEUTRAL EVALUATION CONFERENCE AND CASE MANAGEMENT CONFERENCE**<br><br>[ECF No. 6] |

　　　Before the Court is the parties' Joint Motion to Continue the Early Neutral Evaluation ("ENE") and Case Management Conference ("CMC") currently scheduled for April 2, 2024. ECF No. 6.

---

[1] Elise Marie Anguizola-Assaf is listed as a Counter-Defendant but not a Plaintiff. *See* ECF No. 3 at 12.

Parties seeking to continue an ENE must demonstrate good cause. ECF No. 4 at 6 ("An ENE may be rescheduled only upon a showing of good cause"); Chmb.R. at 2 (stating that any request for continuance requires "[a] showing of good cause for the request"); *see* FED. R. CIV. P. 6(b) ("When an act may or must be done within a specified time, the court may, for good cause, extend the time").

"Good cause" is a non-rigorous standard that has been construed broadly across procedural and statutory contexts. *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1259 (9th Cir. 2010). The good cause standard focuses on the diligence of the party seeking to amend the scheduling order and the reasons for seeking modification. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).

Here, the parties represent to the Court that, due to Ms. Anguizola-Assaf's inclusion in this matter as a counter-defendant (*see* ECF No. 3 at 12) and as a "named beneficiary of the policy, she is an indispensable party" (ECF No. 6 at 3); thus, the parties contend that an ENE would not be meaningful until she has entered an appearance in the case. ECF No. 6 at 3. The parties represent that Plaintiffs' counsel is conducting due diligence to determine whether she can represent Ms. Anguizola-Assaf and accept service of Defendant's counterclaim, or whether Ms. Anguizola-Assaf will need to secure her own counsel. *Id*. As such, the parties request that the ENE and CMC be continued by 60 days. *Id*.

Despite the joint motion's shortcomings,[2] upon due consideration, the Court finds good cause to **GRANT** the joint motion. The Court **ORDERS** as follows:

//

//

---

[2] The parties failed to provide a declaration from counsel, as required by the Court's Order setting the ENE and the Court's Chambers Rules. ECF No. 4 at 6–7 (requiring that the joint motion for continuance include a "declaration from counsel seeking the continuance that describes the steps taken to comply with the existing deadlines, and the specific reasons why the deadlines cannot be met"); Chmb.R. at 2 (same). The Court will take the parties at their word without the required declaration, but will not do so again.

The ENE and CMC originally scheduled for April 2, 2024, are **RESET** to **June 4, 2024** at **2:00 p.m.** *via videoconference* before Magistrate Judge Allison H. Goddard. In accordance with the Local Rules, the Court requires attendance of all named parties, party representatives, including claims adjusters for insured defendants, and the primary attorney(s) responsible for the litigation via videoconference. CivLR 16.1(c)(1).

A. **Purpose of the Conference:** The purpose of the ENE is to permit an informal discussion between the attorneys and the settlement judge of every aspect of the lawsuit in an effort to achieve an early resolution of the case. All conference discussions will be informal, off the record, and confidential.

B. **Full Settlement Authority Required:** A party or party representative with **full and complete authority to enter into a binding settlement** must be present via videoconference. Full authority to settle means that a person must be authorized to fully explore settlement options and to agree at that time to any settlement terms acceptable to the parties. *Heileman Brewing Co., Inc. v. Joseph Oat Corp.*, 871 F.2d 648, 653 (7th Cir. 1989). The person needs to have "unfettered discretion and authority" to change the settlement position of a party. *Pitman v. Brinker Int'l, Inc.*, 216 F.R.D. 481, 485–86 (D. Ariz. 2003). Limited or sum certain authority is not adequate. *Nick v. Morgan's Foods, Inc.*, 270 F.3d 590, 595–97 (8th Cir. 2001). **A person who needs to call another person who is not present on the videoconference before agreeing to any settlement does not have full authority.**

C. **Confidential ENE Statements Required:** No later than **May 29, 2024**, the parties shall submit confidential statements of five (5) pages or less directly to the chambers of Magistrate Judge Goddard outlining the nature of the case, the claims, and the defenses. **These statements shall not be filed or served on opposing counsel.** They shall be lodged via email at efile_goddard@casd.uscourts.gov. The ENE statement is limited to **five (5) pages or less, and up to five (5) pages of exhibits or declarations.** Each party's ENE statement must outline:

        i.      the nature of the case and the claims,

        ii.     position on liability or defense,

        iii.    position regarding settlement of the case with a **specific**[3] **demand/offer for settlement**,[4] and

        iv.    any previous settlement negotiations or mediation efforts.

    D.    **Case Management Conference:** In the event the case does not settle at the ENE, the Court will immediately thereafter hold a Case Management Conference ("CMC") pursuant to Fed. R. Civ. P. 16(b). Appearance of the parties at the CMC is not required. The Court orders the following to occur before the CMC:

        i.      The parties must meet and confer pursuant to Fed. R. Civ. P. 26(f) no later than **May 14, 2024**.

        ii.     The parties must file a Joint Case Management Statement by **May 24, 2024**. The Joint Case Management Statement must address all points in the "Joint Case Management Statement Requirements for Magistrate Judge Allison H. Goddard," which can be found on the court website at: https://www.casd.uscourts.gov/Judges/goddard/docs/Goddard%20Joint%20Case%20Management%20Statement%20Rules.pdf.

        iii.    Initial disclosures pursuant to Rule 26(a)(1)(A-D) must occur by **May 28, 2024**.

    E.    **Appearances via Videoconference Required:** All named parties, party representatives, including claims adjusters for insured defendants, as well as principal

---

[3] A general statement, such as that a party "will negotiate in good faith," is a <u>not</u> a specific demand or offer.

[4] If a specific demand or offer cannot be made at the time the ENE statement is submitted, then the reasons as to why a demand or offer cannot be made must be stated. Further, the party must explain when they will be in a position to state a demand or offer.

attorney(s) responsible for the litigation must attend the ENE via videoconference. All who attend the ENE must be legally and factually prepared to discuss and resolve the case. Counsel appearing without their clients (whether or not counsel has been given settlement authority) will be subject to immediate imposition of sanctions.

      F.    The Court incorporates the videoconference procedures set forth in ECF No. 4 at 3–5.

      G.    No later than **May 29, 2024**, counsel for each party shall send an e-mail to the Court at efile_goddard@casd.uscourts.gov containing the following:

          i.    The **name and title of each participant**, including all parties and party representatives with full settlement authority, claims adjusters for insured defendants, and the primary attorney(s) responsible for the litigation;

          ii.    An **e-mail address for each participant** to receive the Zoom videoconference invitation;

          iii.    A **telephone number where each participant** may be reached; and

          iv.    A **cell phone number for that party's preferred point of contact** (and the name of the individual whose cell phone it is) for the Court to use during the ENE to alert counsel via text message that the Court will soon return to that party's Breakout Room, to avoid any unexpected interruptions of confidential discussions.

      H.    All participants shall display the same level of professionalism during the ENE and be prepared to devote their full attention to the ENE as if they were attending in person, i.e., cannot be driving or in a car while speaking to the Court. Because Zoom may quickly deplete the battery of a participant's device, each participant should ensure that their device is plugged in or that a charging cable is readily available.

I. Counsel are advised that although the ENE will take place on Zoom, all participants shall appear and conduct themselves as if it is proceeding in a courtroom, i.e., all participants must dress in appropriate courtroom attire.

J. **New Parties Must be Notified by Plaintiffs' Counsel or Defendant's Counsel:** Counsel of the party who added the new party to this matter must give notice of the ENE to any new parties who have been served but who have not yet filed responsive pleadings as of the date of this Order. If any new parties have not yet been served, counsel of the party who added the new party to this matter must serve them with a copy of this Order along with the summons[5] and complaint.

**IT IS SO ORDERED.**

Dated:  March 18, 2024

_____
Honorable Allison H. Goddard
United States Magistrate Judge

---

[5] The parties repeatedly mention that "[n]o Summons has [] been issued by the Clerk" regarding Defendant's counterclaim. *See* ECF No. 6 at 2–3. The Court encourages the parties to contact the Clerk's Office regarding the Summons for further directions, as the undersigned does not issue Summons.