UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDUARDO Y. ANGUIZOLA and LAYLA G. ANGUIZOLA,<br><br>   Plaintiffs / Counter-Defendants,[1]<br><br>v.<br><br>NEW YORK LIFE INSURANCE COMPANY,<br><br>   Defendant / Counter-Claimant. | Case No.: 3:24-cv-00345-JO-AHG<br><br>**ORDER GRANTING JOINT MOTION TO EXTEND CERTAIN CASE MANAGEMENT DEADLINES**<br><br>**[ECF No. 27]** |

Before the Court is the parties' joint motion to modify the scheduling order. ECF No. 27. The parties seek an order from the Court extending certain case management deadlines by approximately 45 to 60 days. *Id*.

Parties seeking to continue deadlines in the scheduling order must demonstrate good cause. FED. R. CIV. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent"); *see also* ECF No. 22 at 7 (Scheduling Order, stating that "[t]he dates

---

[1] Elise Marie Anguizola-Assaf is listed as a Counter-Defendant but not a Plaintiff. *See* ECF No. 3 at 12.

1  [] set forth herein will not be modified except for good cause shown"); Chmb.R. at 2
2  (stating that any request for continuance requires "[a] showing of good cause for the
3  request"). "Good cause" is a non-rigorous standard that has been construed broadly across
4  procedural and statutory contexts. *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1259
5  (9th Cir. 2010). The good cause standard focuses on the diligence of the party seeking to
6  amend the scheduling order and the reasons for seeking modification. *Johnson v. Mammoth*
7  *Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) ("[T]he focus of the inquiry is upon
8  the moving party's reasons for seeking modification. . . . If that party was not diligent, the
9  inquiry should end.") (internal citation omitted). Therefore, "a party demonstrates good
10 cause by acting diligently to meet the original deadlines set forth by the court." *Merck v.*
11 *Swift Transp. Co.*, No. CV-16-01103-PHX-ROS, 2018 WL 4492362, at *2 (D. Ariz. Sept.
12 19, 2018).

13 "When the motion to extend time is made after time has expired, the Court must also
14 consider excusable neglect." *Multiple Energy Tech., LLC v. Casden*, No. 21cv1149-ODW-
15 RAOx, 2022 WL 16972482, at *4 (C.D. Cal. Nov. 16, 2022); *see* FED. R. CIV. P. 6(b)(1)(B)
16 ("the court may, for good cause, extend the time … on motion made after the time has
17 expired if the party failed to act because of excusable neglect"). "Excusable neglect
18 'encompasses situations in which the failure to comply with a filing deadline is attributable
19 to negligence,' and includes 'omissions caused by carelessness.'" *Lemoge v. United States*,
20 587 F.3d 1188, 1192 (9th Cir. 2009) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs.,*
21 *Ltd.*, 507 U.S. 380, 388, 394 (1993)) (alterations omitted). "The determination of whether
22 neglect is excusable is at bottom an equitable one, taking account of all relevant
23 circumstances surrounding the party's omission." *Lemoge*, 587 F.3d at 1192 (internal
24 quotations omitted). In performing this analysis, courts consider: "(1) the danger of
25 prejudice to the opposing party; (2) the length of delay and its potential impact on the
26 proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith."
27 *Bateman v. U.S. Postal Serv.*, 231 F.3d 1220, 1223 (9th Cir. 2000). These factors are not
28 an exclusive list, and the court must consider all relevant circumstances. *S.E.C. v. Vivera*

*Pharms. Inc.*, No. 22cv1792-FWS-MAA, 2024 WL 3345502, at *3 (C.D. Cal. May 30, 2024); *see Briones v. Riviera Hotel & Casino*, 116 F.3d 379, 381 (9th Cir. 1997). Rule 6(b) "is to be liberally construed to effectuate the general purpose of seeing that cases are tried on the merits." *Ahanchian*, 624 F.3d at 1259.

Here, the parties request that the Court extend five scheduling order deadlines, one of which has already passed. ECF No. 27 at 2. The parties seek to continue the October 15, 2024, deadline to file a motion to amend the pleadings; the February 4, 2025, fact discovery cutoff; the March 7, 2025, expert designations and disclosures deadline; the April 7, 2025, rebuttal expert designations and disclosures deadline; and the May 9, 2025, expert discovery cutoff. *Id.*

Regarding the discovery deadlines, the parties represent to the Court that they have been diligently working to advance the case, through "settlement discussions and discovery activities." ECF No. 27 at 5. The parties attended a private mediation with Adrienne Publicover of JAMS on December 6, 2024, and "[a]lthough the matter did not settle, all parties believe that significant and meaningful progress was made towards settlement [and Ms. Publicover] will be working with the parties closely in the near term to bridge the existing gaps and accomplish a final resolution." *Id.* at 3. Thus, the parties seek an approximate 45-day extension of the discovery deadlines because "[t]hese settlement discussions, which are continuing, reflect a commitment to resolving the case without unnecessary litigation but also necessitate extensions to accommodate their progression." *Id.* at 4.

Regarding the deadline to file a motion to amend the pleadings, the parties represent to the Court that Plaintiff's counsel transmitted her proposed Amended Complaint to Defendant's counsel on October 10, 2024, and that Defendant's counsel provided his approval on October 14, 2024. ECF No. 27-1 at 3, 5, 26. However, due to a jury trial that started on October 7, 2024, and concluded on October 25, 2024, Plaintiff's counsel missed the October 15, 2024, deadline to file her motion to amend the complaint. *Id.* at 2; ECF No. 27 at 4 ("This trial … made timely compliance impractical due to its significant

demands"). Plaintiff contends that "[t]he proposed amendment is also critical to the case, as it adds an indispensable party, Elise Marie Anguizola-Assaf, whose inclusion as a plaintiff is necessary for the complete adjudication of the issues surrounding the life insurance policy, ensuring that all essential parties are before the court." ECF No. 27 at 4. As such, the parties seek an approximate 60-day extension of the motion to amend filing deadline.

Regarding the discovery deadlines, the Court appreciates that the parties are working together, and finds good cause to **GRANT** their requested extensions. However, the Court finds a closer call regarding the deadline to file a motion to amend the complaint. The parties do not mention in the instant motion that they knew that Elise Marie Anguizola-Assaf ("Elise") was an indispensable party as of March 15, 2024, when they filed a joint motion for a continuance of the Early Neutral Evaluation Conference, stating that "[b]ecause Elise has … is a named beneficiary of the policy, she is an indispensable party, if the Court determines benefits are payable under the policy. An ENE at this stage could not be meaningful … because any compromise of rights under the policy would impact the rights of all named primary beneficiaries, including Elise." ECF No. 6 at 3. The parties also do not mention in the instant motion that on June 6, 2024, Plaintiff's counsel notified the Court via email that they intended to amend their complaint. Email to Chambers (June 6, 2024, at 10:52 AM). The parties also do not address in the instant motion the delay from June until October for exchanging drafts of the proposed Amended Complaint, nor do they address the delay from October 25, when the jury trial finished, to December for filing the instant motion. However, upon due consideration, the Court finds the counsel's negligence was excusable and that the parties acted in good faith. The Court has determined that it would be more efficient to permit the parties to seek to amend the complaint, since Elise is an essential party and Defendant has no objection to the amendment. Thus, in light of the case's posture, the parties' reasons for the delay, and the preference of courts to decide cases on the merits, the Court **GRANTS** the parties' requested extension. The Court **ORDERS** as follows:

1. Any motion to join other parties, to amend the pleadings, or to file additional pleadings shall be filed by **December 17, 2024**.

2. All fact discovery shall be completed by all parties by **March 21, 2025**. "Completed" means that all discovery under Rules 30-36 of the Federal Rules of Civil Procedure, and discovery subpoenas under Rule 45, must be initiated a sufficient period of time in advance of the cut-off date, **so that it may be completed** by the cut-off date, taking into account the times for service, notice and response as set forth in the Federal Rules of Civil Procedure. **Counsel shall promptly and in good faith meet and confer with regard to all discovery disputes in compliance with Local Rule 26.1(a). A failure to comply in this regard will result in a waiver of a party's discovery issue. Absent an order of the court, no stipulation continuing or altering this requirement will be recognized by the court.** The Court expects counsel to make every effort to resolve all disputes without court intervention through the meet and confer process. If the parties reach an impasse on any discovery issue, the movant must e-mail chambers at efile_goddard@casd.uscourts.gov no later than 45 days after the date of service of the written discovery response that is in dispute, seeking a telephonic conference with the Court to discuss the discovery dispute. The email must include: (1) at least three proposed times mutually agreed upon by the parties for the telephonic conference; (2) a neutral statement of the dispute; and (3) one sentence describing (not arguing) each party's position. The movant must copy opposing counsel on the email. No discovery motion may be filed until the Court has conducted its pre-motion telephonic conference, unless the movant has obtained leave of Court. **All parties are ordered to read and to fully comply with the Chambers Rules of Magistrate Judge Allison H. Goddard.**

3. The parties shall designate their respective experts in writing by **April 21, 2025**. The parties must identify any person who may be used at trial to present evidence pursuant to Rules 702, 703 or 705 of the Fed. R. Evid. This requirement is not limited to retained experts. The date for exchange of rebuttal experts shall be by **May 22, 2025**. The written designations shall include the name, address and telephone

number of the expert and a reasonable summary of the testimony the expert is expected to provide. The list shall also include the normal rates the expert charges for deposition and trial testimony.

4. By **April 21, 2025**, each party shall comply with the disclosure provisions in Rule 26(a)(2)(A) and (B) of the Federal Rules of Civil Procedure. This disclosure requirement applies to all persons retained or specially employed to provide expert testimony, or whose duties as an employee of the party regularly involve the giving of expert testimony. **Except as provided in the paragraph below, any party that fails to make these disclosures shall not, absent substantial justification, be permitted to use evidence or testimony not disclosed at any hearing or at the time of trial. In addition, the Court may impose sanctions as permitted by Fed. R. Civ. P. 37(c).**

5. Any party shall supplement its disclosure regarding contradictory or rebuttal evidence under Fed. R. Civ. P. 26(a)(2)(D) by **May 22, 2025**.

6. All expert discovery shall be completed by all parties by **June 23, 2025**. The parties shall comply with the same procedures set forth in the paragraph governing fact discovery. Failure to comply with this section or any other discovery order of the court may result in the sanctions provided for in Fed. R. Civ. P. 37, including a prohibition on the introduction of experts or other designated matters in evidence.

7. All other dates, deadlines, and procedures set forth in the Court's Scheduling Order (ECF No. 22) **remain in place**.

**IT IS SO ORDERED.**

Dated:  December 13, 2024

_____
Honorable Allison H. Goddard
United States Magistrate Judge